DAVID J. TRIPOLI *v.* McCALLUM MOTOR SERVICE
COMPANY OF STAFFORD, INC., ET AL.

SUPERIOR COURT          TOLLAND COUNTY          FILE No. 016966

Memorandum filed January 25, 1978

*Gordon, Muir & Foley,* for the plaintiff.

*Danaher, Lewis & Tamoney,* for the named defendant.

*Howard, Kohn, Sprague & FitzGerald,* for the defendants Triangle Corporation and Utica Tool Company.

*Day, Berry & Howard,* for the third-party defendants Mecto, Inc., and K-D Mfg. Co.

JOHN F. SHEA, JR., J. To put this motion in its proper perspective, it will be necessary to review the prior pleadings in this case. The original complaint named the Triangle Corporation, the Utica Tool Company and the McCallum Motor Service Company of Stafford, Inc. as defendants. The plaintiff alleged that he was injured when a piece of metal from a tool entered his eye. The complaint is in six counts and sounds in negligence and strict tort liability as to each defendant. The complaint alleges that Triangle and Utica were the manufacturers and distributors of the tool and that McCallum was the retailer.

On August 5, 1975, the defendants Triangle and Utica impleaded Mecto, Inc., and K-D Mfg. Co. (the third-party defendants in the pending motion), alleging that Mecto and K-D were the manufacturers of the tool and were, therefore, liable to Triangle and Utica if Triangle and Utica were found to be liable to the plaintiff.

The named defendant, McCallum, had earlier answered the complaint and had filed a cross claim against Triangle and Utica. Also included in McCallum's earlier answer was a claim against the third-party defendants Mecto and K-D. On May

25, 1977, Mecto and K-D moved to expunge McCallum's claim against them on the ground that it was improperly filed. Mecto and K-D argued that such a claim was not permitted since they were not codefendants of McCallum. In a memorandum dated November 9, 1977, the court (*Daly, J.*) ruled that under § 78 of the 1963 Practice Book McCallum could file a cross claim against Triangle and Utica but not against the third-party defendants Mecto and K-D. It would appear that the court reasoned that Mecto and K-D were not codefendants of McCallum and, therefore, that they were not subject to the cross claim.

On November 8, 1977, McCallum filed the pending motion to implead. The motion was filed pursuant to § 52-102a of the General Statutes and § 78A of the 1963 Practice Book. The third-party defendants Mecto and K-D have opposed this motion to implead on the grounds that they are already parties to this action. Both the statutes and the Practice Book provide that motions to implead may be filed "upon a person not a party to the action." Mecto and K-D further argue that such a pleading is unnecessary and only complicates the present action. It is claimed that all of the defenses which McCallum seeks to assert have already been asserted and will be fully litigated in the present posture of the pleadings. It is alleged that Mecto and K-D are the manufacturers of the product in question, that Triangle and Utica are the distributors and that this defendant, McCallum, is the retailer. The opponents to this motion reason that if the manufacturer is found liable then a distributor can collect against him and the retailer can collect against the distributor. McCallum argues that that theory is specious since it is conceivable that, while at the time of trial the evidence may establish that McCallum sold a defective product to the plaintiff and that

Mecto and K-D were negligent in the manufacturing of the product, there may be insufficient evidence to establish that Triangle and Utica were the distributors. McCallum's fears are not well founded since the pleadings indicate that Triangle and Utica, although denying that they are the manufacturers, have admitted that they are the distributors. That fact, however, is not dispositive of the issue.

It is conceivable that in the state of pleadings at which this case has arrived, a situation could exist as feared by the defendant McCallum. This certainly was not the intent of either the statute or the Practice Book sections which are applicable. In view of Judge Daly's November, 1977 ruling, it must be concluded that the defendants Mecto and K-D are not "parties to the action" within the meaning of the statute or the Practice Book. Therefore, the motion to implead the third-party defendant is granted.